# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GUESS,<br><br>　　　　　*Plaintiff,*<br>　vs.<br><br>LOS ANGELES CITY POLICE DEPARTMENT AND UNNAMED OFFICERS 1-20<br><br>　　　　　*Defendants.* | Case No.: CV14-01158 GAF-PJW<br><br>**PROTECTIVE ORDER** |

　　　The Court hereby orders as follows:

　　　1.　Los Angeles Police Department Internal Affairs Report CF No. 13-000226, Bates No. 001-083, contains information which is privileged, confidential, and private. A watermark has been affixed to all pages of the Internal Affairs Report, indicating the report is confidential and subject to a protective order. The Internal Affairs Report and all information derived therefrom shall be treated in accordance with the terms of this Protective Order.

　　　2.　The Internal Affairs Report may be used by the persons receiving such information only for the purpose of this litigation.

　　　3.　Subject to the further conditions imposed by this Order, the Internal Affairs Report may be disclosed only to the following persons:

1

    (a) Plaintiff Jerry Guess, defendants and to their counsel, and to their experts, investigators, assistants, and to Plaintiff's daughter, Bridget Hunt;

    (b) Such other parties as may be ordered by the Court.

  4. Prior to Plaintiff's disclosure of the Internal Affairs Report to any person described in paragraph 3(a) or 3(b), Plaintiff shall first provide any such person with a copy of this Order, and shall see that the Order is read in full and understood. Jerry Guess shall then have any such person sign an acknowledgment of the Protective Order which states:

> "I understand that I am being given access to a confidential, privileged Internal Affairs Report. I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of this Internal Affairs Report.
>
> Dated: _____/s/_____"

Jerry Guess shall then mail one copy of the acknowledgment of the Protective Order to Defendants' attorney, and shall keep one copy for his own file.

  5. Upon the final termination of this litigation, including any appeal pertaining thereto, the Internal Affairs Report shall be returned to Defendants' counsel. No copies of the Internal Affairs Report may be kept by Plaintiff or by Bridget Hunt, or any police practices expert retained by Plaintiff.

  6. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to the Internal Affairs Report shall be filed and maintained under seal, after written application to the Court made. However, Plaintiff may use the information in the report to amend his Complaint and replace the names of the Doe Defendants with their real names.

  7. Any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of the Internal Affairs Report shall be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.

  8. Nothing herein shall prejudice any party's rights to object to the

1 introduction of the Internal Affairs Report into evidence, on grounds including but not
2 limited to relevance and privilege.
3       9.      This Protective Order survives settlement, trial and/or appeal.

6 **IT IS SO ORDERED.**

9 DATED:_September 3, 2014___   _____
                                                       **HONORABLE PATRICK J. WALSH,**
                                                       **UNITED STATES MAGISTRATE JUDGE**